**Rule 1915.7. Consent Order**

[If an agreement for custody is reached and the parties desire a consent order to be entered, they shall note their agreement upon the record or shall submit to the court a proposed order bearing the written consent of the parties or their counsel.]

If the parties have an agreement regarding custody and request that the court enter a consent order incorporating the agreement's terms:

(a)     the parties shall submit to the court a proposed custody order bearing the parties' written consent; or

(b)     the parties may state the agreement on the record, provided that:

(1)     within ten days of placing the agreement on the record, the parties comply with subdivision (a); or

(2)     the court memorializes the oral agreement from the record into a written custody order.

*Note*:  *See* Pa.R.C.P. No. 1930.1(b). This rule may require attorneys or unrepresented parties to file confidential documents and documents containing confidential information that are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania*.

*See* **Pa.R.C.P. No. 1915.10(b) regarding written custody order requirements.**

**Explanatory Comment—2019**

The rule has been amended to ensure that when a custody agreement is orally placed on the record that a written custody order prepared by the parties memorializing the parties' agreement is timely submitted to the court or the court memorializes the oral agreement into a written custody order. The amendment avoids the untenable circumstance that the only written record of the parties' oral agreement is a transcription of what had been placed on the record. Transcription agreements are often cumbersome and difficult to discern as to the custody terms and provisions, which makes enforcement difficult. This amendment is consistent with the holding in *R.L.P. v. R.F.M.*, 110 A.3d 201 (Pa. Super. 2015).

**Rule 1915.10. Decision. Order**

(a)　　The court may make the decision before the testimony has been transcribed. The court shall state the reasons for its decision **[either]** on the record in open court**[,]** <u>or</u> in a written opinion**[, or in the]** <u>or</u> order.

<u>*Note: See*</u> **23 Pa.C.S. § 5323(d).**

(b)　　**[The terms of the order shall be sufficiently specific to enforce the order. The court's decision shall include safety provisions designed to protect an endangered party or a child in any case in which the court has found that either is at risk of harm.]**<u>The court shall enter a custody order as a separate written order or in a separate section of a written opinion.</u>

**(1)**　　<u>The court's order shall state sufficiently specific terms to enforce the order.</u>

**(2)**　　<u>If the court has made a finding that a party or child is at risk of harm, the court's order shall include safety provisions for the endangered party's or child's protection.</u>

(c)　　**[Any]**<u>A</u> custody order shall include <u>a</u> notice **[of a party's]**<u>outlining the parties'</u> obligations **[pursuant to]**<u>under</u> 23 Pa.C.S. § 5337<u>,</u> **[dealing with]**<u>regarding</u> a party's intention to relocate with a minor child.

<u>*Note: See*</u> **23 Pa.C.S. § 5323(c) and Pa.R.C.P. No. 1915.17.**

(d)　　**[No]**<u>A party may not file a</u> motion for post-trial relief **[may be filed]** to an order of legal or physical custody.

**[Explanatory Comment—2013**

**The custody statute, at 23 Pa.C.S. § 5323(d), requires the court to delineate the reasons for its decision on the record in open court or in a written opinion or order. Subdivision (b) further defines and reinforces the requirements found in 23 Pa.C.S. § 5323(e). Examples of safety provisions include, but are not limited to: supervised physical custody, supervised or neutral custody exchange location, neutral party presence at custody exchange, telephone or computer-facilitated contact with the child, no direct contact between the parties, third-party contact for cancellations, third-party transportation and designating secure, neutral location for a child's passport. The statute, at 23 Pa.C.S. § 5323, requires that any custody order must include notice of a party's obligations when there is a**

3

**proposed relocation under 23 Pa.C.S. § 5337. Rule 1915.17 also addresses relocation.]**

**Explanatory Comment—2019**

Subdivision (b) further defines and reinforces the requirements in 23 Pa.C.S. § 5323(e). Examples of safety provisions include, but are not limited to, supervised physical custody, a supervised or neutral custody exchange location, a neutral third-party present at custody exchanges, telephone or computer-facilitated contact with the child, no direct contact between the parties, third-party contact for cancellations, third-party transportation, and designating a secure, neutral location as respository for a child's passport.

Additionally, subdivision (b) requires a court to enter a custody order as a separate written order or in a separate section of a written opinion. The subdivision also addresses the practice of orally entering a custody order on the record without formalizing the custody order in writing. In such circumstances, the parties' only documentation of the custody order is a transcription of the oral record. In *R.L.P. v. R.F.M.*, 110 A.3d 201 (Pa. Super. 2015), the Superior Court held that "in order to be sufficiently specific to be enforced, an order of custody must be entered as a separate written order, or as a separate section of a written opinion." *Id.* at 206. Despite the Superior Court's decision, the practice of placing custody orders on the record without subsequently entering a written order has continued, which has been problematic for enforcement and understanding of the agreement's or order's terms.